1  Gary M. Kaplan (State Bar No. 155530)
   gkaplan@fbm.com
2  Farella Braun + Martel LLP
   One Bush Street, Suite 900
3  San Francisco, California 94104
   Telephone: (415) 954-4400
4  Facsimile: (415) 954-4480

5  Attorneys for Plaintiff
   FARELLA BRAUN + MARTEL LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FARELLA BRAUN + MARTEL LLP, a California limited liability partnership,<br><br>Plaintiff,<br><br>vs.<br><br>GUIDIVILLE RANCHERIA OF CALIFORNIA, a federally recognized Indian tribe and POINT MOLATE FUTURES LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES –**<br>**1. BREACH OF CONTRACT;**<br>**2. QUANTUM MERUIT;**<br>**3. UNJUST ENRICHMENT; AND**<br>**4. CONSTRUCTIVE TRUST**<br><br>[DEMAND FOR JURY TRIAL]<br><br>Judge:<br><br>Trial Date: |

Plaintiff Farella Braun + Martel LLP ("FBM") alleges as follows:

## I.     NATURE OF ACTION

1.     This is a breach of contract claim pursuant to California Civil Code ("CCC") section 1559; and for relief under the doctrines of quantum meruit and/or unjust enrichment, as well as constructive trust.

## II.     PARTIES

2.     Defendant Guidiville Rancheria of California (the "Tribe") is a federally recognized Indian tribe.

3.     Defendant Point Molate Futures LLC ("PMF") is a Delaware limited liability

COMPLAINT FOR DAMAGES - Case No. [To be assigned]

company wholly owned by Guidiville Rancheria of California.

4. Plaintiff Farella Braun + Martel LLP, a California limited liability partnership ("FBM"), is a law firm that provided legal services in connection with litigation and settlement with respect to the case styled, *The Guidiville Rancheria of California and Upstream Point Molate LLC v. The United States of America and The City of Richmond* (N.D. Cal. Case No. CV 12-1326-YGR) (the "Molate Litigation").

5. FBM is an intended third-party beneficiary of a written Litigation Agreement dated May 8, 2013 with respect to the Molate Litigation, a true and correct copy of which is attached hereto as **Exhibit A**.

### III.   JURISDICTION AND VENUE

6. This action arises under the Constitution, laws, and treaties of the United States, including federal common law governing Indian tribes and the doctrine of tribal sovereign immunity.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims present federal questions concerning the scope, waiver, or abrogation of tribal sovereign immunity.

8. The controversy between the parties necessarily requires interpretation and application of federal law regarding the rights, powers, and immunities of federally recognized Indian tribes.

9. To the extent any claims are brought under state law, they are part of the same case or controversy as the federal claims and fall within this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

10. This Court also has jurisdiction under 28 U.S.C. § 1332 (a) because there is complete diversity of citizenship between Plaintiff and Defendants.

11. Plaintiff FBM is a California limited liability partnership with its principal place of business in San Francisco, California.

12. Defendant Guidiville Rancheria of California is a federally recognized Indian tribe with its principal offices in Ukiah, California.

13. Defendant Point Molate Futures LLC is a Delaware limited liability company wholly owned by Guidiville Rancheria of California.

14. The amount in controversy exceeds $75,000 exclusive of interest and costs.

15. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District, including the Molate Litigation, concerning real property located in Contra Costa County, California known as "Point Molate".

**IV.     FACTUAL ALLEGATIONS**

16. On May 8, 2013, the Tribe and Upstream Point Molate ("Upstream") executed the Litigation Agreement to jointly pursue the Molate Litigation against the City of Richmond and the US Department of the Interior.

17. Section 6 of the Litigation Agreement expressly provides that "Upstream and the Tribe will share any award or settlement on a 50/50 basis after first paying the following: (a) all legal fees and costs related to the litigation … including all of Guidiville litigation costs; (b) reimbursement of advances; and (c) all outstanding payables of Winehaven, a listing of which as of the date hereof is attached hereto …"

18. The referenced listing of outstanding Winehaven payables attached to the Litigation Agreement includes "Farella Braun [FBM] – $186,228" as a payable to be satisfied before any distribution to the Tribe or Upstream.

19. FBM performed legal services in reliance on this agreement and is an intended third-party beneficiary under CCC Section 1559 because the contract was made expressly for FBM's benefit.

20. In settlement of the Molate Litigation, the Tribe received certain Point Molate property (the "Property").

21. Pursuant to a Purchase and Sale Agreement dated November 1, 2024, amended on January 14, 2025 and June 25, 2025 (the "PSA," true and correct attached hereto as **Exhibit B),** Guidiville and PMF sold the Property to East Bay Regional Park District for forty million dollars ($40,000,000.00) .

22. On information and belief, PMF received and holds the proceeds from the sale of

the Property pursuant to the PSA.

23. Despite demand letters from FBM dated October 27, 2025 and November 14, 2025 (true and correct copies attached hereto as **Exhibits C** and **D)**, Defendants have failed and refused to pay FBM the $186,228 owed to it under the Litigation Agreement.

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (Cal. Civ. Code. Pro. §1559)

24. Plaintiff incorporates paragraphs 1–23 by reference as through fully set forth herein.

25. The Litigation Agreement was made expressly for Plaintiff's benefit.

26. Defendants breached the Litigation Agreement by failing to pay Plaintiff $186,228 from settlement proceeds prior to any distribution to themselves.

27. As a direct and proximate result of such breach, Plaintiff has suffered damages of $186,228, plus interest at the legal rate.

### SECOND CLAIM FOR RELIEF
### QUANTUM MERUIT

28. Plaintiff incorporates paragraphs 1–27 by reference as through fully set forth herein.

29. At Plaintiff's request and for the benefit of Upstream and the Tribe, Plaintiff provided substantial legal services in connection with the Molate Litigation.

30. The reasonable value of those services is at least $186,228.

31. Defendants have failed to pay that amount.

32. Plaintiff is entitled to recover the reasonable value of its services in an amount according to proof, but no less than $186,228, plus interest.

### THIRD CLAIM FOR RELIEF
### UNJUST ENRICHMENT

33. Plaintiff incorporates paragraphs 1–32 by reference as through fully set forth herein.

34. Plaintiff conferred a benefit upon Defendants by providing services, which Defendants accepted and retained.

35. Defendants knew of and appreciated the benefit conferred by Plaintiff, as evidenced by the Litigation Agreement.

36. Defendants have been unjustly enriched by retaining the benefits of Plaintiff's services without payment.

37. Equity and good conscience require restitution to Plaintiff.

38. Plaintiff is entitled to recover the reasonable value of its services in an amount according to proof, but no less than $186,228, plus interest.

### FOURTH CLAIM FOR RELIEF
### CONSTRUCTIVE TRUST

39. Plaintiff incorporates paragraphs 1–38 by reference as through fully set forth herein.

40. Defendants, through the wrongful acts described herein, including breach of contract and unjust enrichment, currently hold specific, identifiable property, namely the proceeds from the settlement of the Molate Litigation in the amount of $186,228 as set forth under the Litigation Agreement (the "Proceeds").

41. Plaintiff possesses a superior right and equitable interest to the Proceeds.

42. Defendants would be unjustly enriched if permitted to retain the Proceeds (or any portion thereof) to which Plaintiffs are entitled.

43. Equity requires that Defendants be deemed to hold the Proceeds in constructive trust for Plaintiff's benefit and that Defendants transfer and deliver such portion of the Proceeds to Plaintiff.

### V.   PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages of $186,228;
2. For quantum meruit damages according to proof;
3. For restitution damages according to proof;
4. For imposition of a constructive trust over the Proceeds (and any traceable substitutes), in favor of Plaintiff and an order requiring Defendants to account for and transfer to Plaintiffs

the portion of the Proceeds to which Plaintiffs are entitled;

5. For prejudgment interest at the legal rate;

6. For costs of suit;

7. For such other and further relief as the Court deems just and proper.

Dated: January 7, 2026                          FARELLA BRAUN + MARTEL LLP


By:    */s/ Gary M. Kaplan*
          Gary M. Kaplan

Attorneys for Plaintiff
FARELLA BRAUN + MARTEL LLP

47722\20794743.4