UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARELLA BRAUN + MARTEL LLP, | Case No. 26-cv-00176-JSC |
| Plaintiff, | |
| v. | **ORDER TO PLAINTIFF TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |
| GUIDIVILLE RANCHERIA OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff law firm sues Defendant Indian Tribe under California law for breach of contract for unpaid legal fees. Law firm asserts federal subject matter jurisdiction under both federal question and diversity. (Dkt. No. 1 at ¶¶ 7-8, 10-14.) Upon review, it appears neither is satisfied.

### A.    Federal Question Jurisdiction

Law firm contends the Court has subject matter jurisdiction of its state law breach of contract action because "the claims present federal questions concerning the scope, waiver, or abrogation of tribal sovereign immunity." Plaintiff offers no authority for this statement. It appears the law is to the contrary:

> Congress has granted federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.3 Included within this grant of jurisdiction are cases arising under rules articulated by federal courts in the form of federal common law. An action arises under federal law only if federal law "creates the cause of action" or "a substantial question of federal law is a necessary element" of a plaintiff's well-pleaded complaint. "*This means that a plaintiff may not establish federal jurisdiction by asserting in its complaint that the defendant will raise a federal-law defense to the plaintiff's claim*, ... or by including in its complaint allegations of federal-law questions that are not essential to its claim. ..."

*Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019) (emphasis added) (citations

United States District Court
Northern District of California

omitted). While the complaint alleges very little, it appears Plaintiff is improperly basing federal jurisdiction on what it anticipates will be a defense. *See also Newtok Vill. v. Patrick,* 21 F.4th 608, 616 (9th Cir. 2021) ("federal question jurisdiction does not exist simply because an Indian tribe or individual is a party"); *Newtok Vill. v. Patrick,* 21 F.4th 608, 617 (9th Cir. 2021) ("we have held that federal common law does not cover all contracts entered into by Indian tribes because that might open the doors to the federal courts becoming 'a small claims court for all such disputes.'") (citation omitted)).

### B.    Diversity Jurisdiction

In the alternative, Plaintiff asserts diversity jurisdiction because it "is a California limited liability partnership with its principal place of business in San Francisco, California" and Defendant "Guidiville Rancheria of California is a federally recognized Indian tribe with its principal offices in Ukiah, California." And Defendant Point Molate Futures LLC "is a Delaware limited liability company wholly owned by Guidiville Rancheria of California." (*Id.* ¶¶11-14.) These allegations do not support diversity jurisdiction.

A limited liability partnership (LLP), such as Plaintiff, is a citizen of every state of which its partners are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). While Plaintiff did not properly allege its citizenship, it is apparent it is at least a California citizen. But the Tribe is also most likely a California citizen. "An incorporated tribe, or an incorporated arm of a tribe, is, like any other corporation, ordinarily a citizen of the state in which it resides." *Am. Vantage Companies, Inc. v. Table Mountain Rancheria*, 292 F.3d 1091, 1095 n.1 (9th Cir. 2002), as amended on denial of reh'g (July 29, 2002) (citing *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1223 n. 3, 1226 (9th Cir.1989) (holding that tribal entities organized pursuant to tribal law were state citizens and stating that, "for purposes of diversity jurisdiction, an Indian corporation is a citizen of the state in whose borders the reservation is located"); *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 & n. 2 (9th Cir.1983) (holding that an incorporated tribal housing authority was a state citizen). And, an unincorporated tribe cannot sue or be sued under diversity jurisdiction because it is not a citizen of any state. *Am. Vantage Companies, Inc.*, 292 F.3d at 1098.

United States District Court
Northern District of California

Further, an LLC's citizenship, like that of an LLP, is the citizenship of all of its members. *Johnson*, 437 F.3d at 899.  So, assuming Guidiville Rancheria of California is a member of Point Molate Futures LLC, the LLC is also a California citizen for diversity jurisdiction purposes.  So, complete diversity, indeed, any diversity, appears lacking.

***

Plaintiff is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice to being pursued in state court for lack of federal subject matter jurisdiction.  Plaintiff's written response is due by **May 11, 2026.**  The Court will advise Defendants if a response from them is required.

**IT IS SO ORDERED.**

Dated: May 4, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

3